# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge Bruce M. Selya
United States Court of Appeals
First Circuit

Judge Julia Smith Gibbons
United States Court of Appeals
Sixth Circuit

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

**DIRECT REPLY TO:**
Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

December 3, 2003

Tony Anastas, Clerk
2300 John Joseph Moakley
U.S. Courthouse
One Courthouse Way
Boston, MA 02210-3002

Re: MDL-1456 -- In re Pharmaceuticals Industry Average Wholesale Price Litigation

*International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca, PLC, et al.,*
D. New Jersey, C.A. No. 3:03-3230

Dear Mr. Walsh:

I am enclosing a certified copy and additional copies of an order filed by the Judicial Panel on Multidistrict Litigation in the above-captioned matter. The act creating the Panel provides that:

Orders of transfer ... shall be filed in the office of the clerk of the district court of the transferee district and shall be effective when thus filed. The clerk of the transferee district court shall forthwith transmit a certified copy of the panel's order to transfer to the clerk of the district court from which the action is being transferred. 28 U.S.C. § 1407(c).

As is also required by the statute, a copy of the order is being sent to the clerk for the Western District of Texas, the district in which the hearing on this matter was held on November 20, 2003.

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By _____
Deputy Clerk

Enclosures/Attachment

cc: Transferee Judge:      Judge Patti B. Saris
    Transferor Judge:      Judge Stanley R. Chesler
    Transferor Clerk:      William T. Walsh, Clerk
    Hearing District Clerk: William G. Putnicki, Clerk

JPML Form 29

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 0 3 2003

FILED
CLERK'S OFFICE

**DOCKET NO. 1456**

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION*

*International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca, PLC, et al.*, D. New Jersey, C.A. No. 3:03-3230

## *BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,[*] JULIA SMITH GIBBONS, D. LOWELL JENSEN,[*] J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL*

## *TRANSFER ORDER*

Presently before the Panel is a motion, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiff in this action (*Local No. 68*) to vacate the Panel's order conditionally transferring *Local No. 68* to the District of Massachusetts for inclusion in the Section 1407 proceedings occurring there in this docket. All responding defendants oppose the motion to vacate and favor inclusion of this action in Section 1407 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that *Local No. 68* involves common questions of fact with the actions in this litigation previously transferred to the District of Massachusetts, and that transfer of this action to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The Panel further finds that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the District of Massachusetts was a proper Section 1407 forum for actions concerning whether (either singly or as part of a conspiracy) the pharmaceutical defendants engaged in fraudulent marketing, sales and/or billing schemes by unlawfully inflating the average wholesale price of certain prescription drugs in order to increase the sales of these drugs to health care professionals and thereby

---

[*] Judges Hodges, Selya and Jensen did not participate in the decision of this matter. In light of the fact that another Panel member could be a member of the putative class(es) in this litigation, this member has filed with the Clerk of the Panel a formal renunciation of any claim that he might have as a putative class member, thereby removing any basis for a disqualification on that ground. Alternatively, should it be determined for any reason that a disqualification survives the renunciation of any claim, the Panel invokes the Rule of Necessity to decide the matter now before it on the authority of, and for reasons explained in, *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

- 2 -

boost the pharmaceutical companies' profits. *See In re Pharmaceutical Industry Average Wholesale Price Litigation*, 201 F.Supp.2d 1378 (J.P.M.L. 2002).

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, *International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca, PLC, et al.*, D. New Jersey, C.A. No. 3:03-3230, is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Patti B. Saris for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

    FOR THE PANEL:

    */s/ John F. Keenan*
    John F. Keenan
    Acting Chairman

## INVOLVED COUNSEL LIST
## DOCKET NO. 1456
## IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION

Robert A. Berkman, M.D.
5969 East Broad
Suite #306
Columbus, OH 43213

David J. Cooner
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101

Cindy Dunlap Hinkle
Duane Morris, LLP
51 Haddonfield Road, Suite 340
Cherry Hill, NJ 08002-4810

Jack E. Fernandez
Zuckerman Spaeder, LLP
101 East Kennedy Boulevard, Suite 1200
Tamper, FL 33602-5838

Karen F. Green
Hale & Dorr
60 State Street
Boston, MA 02109

Donald E. Haviland, Jr.
Kline & Specter
1800 Chapel Avenue, Suite 312
Cherry Hill, NJ 08002

Hoffman La-Roche, Inc.
340 Kingsland Street
Nutley, NJ 07110

A CERTIFIED TRUE COPY

JUL - 1 2004

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 0 3 2003

FILED
CLERK'S OFFICE

DOCKET NO. 1456

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION

*International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca, PLC, et al.*, D. New Jersey, C.A. No. 3:03-3230

**BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,[*] JULIA SMITH GIBBONS, D. LOWELL JENSEN,[*] J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL**

### TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiff in this action (*Local No. 68*) to vacate the Panel's order conditionally transferring *Local No. 68* to the District of Massachusetts for inclusion in the Section 1407 proceedings occurring there in this docket. All responding defendants oppose the motion to vacate and favor inclusion of this action in Section 1407 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that *Local No. 68* involves common questions of fact with the actions in this litigation previously transferred to the District of Massachusetts, and that transfer of this action to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The Panel further finds that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the District of Massachusetts was a proper Section 1407 forum for actions concerning whether (either singly or as part of a conspiracy) the pharmaceutical defendants engaged in fraudulent marketing, sales and/or billing schemes by unlawfully inflating the average wholesale price of certain prescription drugs in order to increase the sales of these drugs to health care professionals and thereby

---

[*] Judges Hodges, Selya and Jensen did not participate in the decision of this matter. In light of the fact that another Panel member could be a member of the putative class(es) in this litigation, this member has filed with the Clerk of the Panel a formal renunciation of any claim that he might have as a putative class member, thereby removing any basis for a disqualification on that ground. Alternatively, should it be determined for any reason that a disqualification survives the renunciation of any claim, the Panel invokes the Rule of Necessity to decide the matter now before it on the authority of, and for reasons explained in, *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

- 2 -

boost the pharmaceutical companies' profits. *See In re Pharmaceutical Industry Average Wholesale Price Litigation,* 201 F.Supp.2d 1378 (J.P.M.L. 2002).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, *International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca, PLC, et al.,* D. New Jersey, C.A. No. 3:03-3230, is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Patti B. Saris for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

*John F. Keenan*

John F. Keenan
Acting Chairman